# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ZACHARY B. COUGHLIN, BAR NO. 9473

No. 84453

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REFERRAL TO DISCIPLINARY BOARD

This is a petition filed by bar counsel under SCR 111(4) to inform this court that Nevada-licensed attorney Zachary B. Coughlin has been convicted of multiple felony offenses in California. The petition includes certified copies of documents proving the convictions. The crimes set forth in those documents qualify as "serious crime[s]" under SCR 111(6) because they are felonies under California law.

When an attorney has been convicted of a "serious crime," we generally are required to do two things under SCR 111. First, we must "enter an order suspending the attorney . . . pending final disposition of a disciplinary proceeding." SCR 111(7). Second, we must "refer the matter to the appropriate disciplinary board for the institution of a hearing before a hearing panel in which the sole issue to be determined shall be the extent of the discipline to be imposed." SCR 111(8). But when the "attorney convicted of a crime is at that time prohibited from practicing due to a . . . transfer to disability inactive status under Rule 117," SCR 111(11) provides that we may "enter an appropriate order directing how the conviction shall be addressed."

22-13656

This court transferred Coughlin to disability inactive status in 2015 after determining that he was incapable of continuing the practice of law.[1] *In re Coughlin*, Docket No. 60975 (Order Transferring Attorney to Disability Inactive Status, June 18, 2015); *see also* SCR 117(2) ("If, upon due consideration, the court concludes that the attorney is incapacitated for the purpose of practicing law, it shall enter an order transferring him or her to disability inactive status."). Because that status means that Coughlin cannot engage in the practice of law in Nevada unless and until he is reinstated to active status, *see* SCR 117(4), we conclude that a temporary suspension under SCR 111 serves no purpose. But, we conclude that referral to a disciplinary board is warranted, particularly because the conduct underlying the convictions at issue was not the subject of any grievance filed against Coughlin before he was transferred to disability inactive status and does not appear to be relevant to the disability that led to his change in status under SCR 117. Although SCR 117(2) provides that when an attorney has been transferred to disability inactive status "[a]ny pending disciplinary proceeding or investigation against the attorney shall be suspended," the provision is not as clear about disciplinary proceedings that arise *after* the attorney is transferred to disability inactive status and that are unrelated to the circumstances surrounding that change in status. And, as noted above, SCR 111(11) provides that we may "enter an

---

[1]This court has denied three petitions for reinstatement filed by Coughlin since his transfer to disability inactive status. *In re Reinstatement of Coughlin*, No. 77764, 2019 WL 5260071 (Nev. Sept. 20, 2019) (Order Denying Reinstatement); *In re Reinstatement of Coughlin*, No. 74438, 2019 WL 295641 (Nev. May 25, 2018) (Order Denying Reinstatement); *In re Reinstatement of Coughlin*, No. 69723, 2016 WL 6662276 (Nev. Nov. 10, 2016) (Order Denying Reinstatement).

appropriate order" when considering a petition under that rule involving an attorney who has been transferred to disability inactive status. Given these circumstances, we conclude that a hearing may proceed to address the extent of any discipline to be imposed based on the convictions set forth in this petition.[2]

It is so ORDERED.[3]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr. J.
Gibbons

cc:    Chair, Northern Nevada Disciplinary Board
       Bar Counsel, State Bar of Nevada
       Zachary Barker Coughlin

---

[2]We note in this respect that Coughlin's transfer to disability inactive status was not based on a judicial declaration of incompetency or commitment under SCR 117(1) or a determination under SCR 117(3) that he lacked competency to defend against a disciplinary proceeding.

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.